UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X     <u>For Online Publication Only</u>
ESTELLE NUCATOLA,

                        Plaintiff,

         -against-                        **ORDER**
                                              16-CV-2477 (JMA) (JMW)


EASTPORT-SOUTH MANOR CENTRAL
SCHOOL DISTRICT, and EASTPORT-SOUTH
MANOR CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION,

                        Defendants.
--------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Defendants' motion to dismiss is GRANTED in part and DENIED in part.

      The Court denies Defendants' motion to dismiss Plaintiff's retaliatory termination claims under Title VII and the New York State Human Rights Law ("NYSHRL"). Although the Hearing Officer's factual determinations are entitled to preclusive effect, in support of her retaliation claim, Plaintiff alleges, <u>inter</u> <u>alia</u>, that: (1) Assistant Superintendent Weiss accused Plaintiff of retaliating against the harasser, Ron Ryan, by filing her internal discrimination complaint and made other statements concerning Plaintiff's complaints; and (2) a teacher who allegedly engaged in similar misconduct was not brought up on disciplinary charges. Plaintiff has, for purposes of surviving a 12(b)(6) motion, alleged plausible retaliatory termination claims under Title VII and the NYSHRL. Plaintiff, however, faces an uphill battle on summary judgment where she will have to contend with: (1) the Hearing Officer's extensive factual findings, which—while not dispositive on the issue of retaliation—will have preclusive effect on numerous factual issues, including Plaintiff's misconduct in February 2015 and incidents of poor performance; and (2) the impact of the Second

Circuit's decision in <u>Collins v. N.Y.C. Transit Auth.</u>, 305 F.3d 113, 119 (2d Cir. 2002), which is more appropriately considered by the Court at summary judgment.

The Court denies Defendants' motion to dismiss, as untimely, Plaintiff's other retaliation claims under Title VII and the NYSHRL.  The Court is skeptical that Plaintiff has a timely retaliatory hostile work environment claim that includes all of the alleged incidents of retaliation that occurred prior to the statute of limitations cut-off for her Title VII and NYSHRL claims.  That said, all of the allegedly retaliatory acts could—even if they are not actionable as timely discrete acts or as part of a timely retaliatory hostile work environment claim—still potentially constitute relevant background evidence for her timely retaliatory termination claim and discovery will encompass these potentially untimely incidents in any event.  Defendants can challenge both the timeliness and merits of Plaintiff's Title VII and NYSHRL retaliation claims concerning these incidents at summary judgment.

The Court grants Defendants' motion to dismiss all of Plaintiff's Section 1983 retaliation claims.  Those claims are dismissed because the complaint does not contain any <u>Monell</u> allegations concerning the alleged retaliation.  Rather, the complaint's <u>Monell</u> allegations only concern Plaintiff's "discrimination" claims.  (Compl. at 19–20.) Moreover, Plaintiff's opposition brief only addresses <u>Monell</u> with respect to her gender/religion-based hostile work environment claims and does not contend that she has plausibly alleged <u>Monell</u> liability for her Section § 1983 retaliation claims.

Plaintiff's remaining claims allege a gender-based and religion-based hostile work environment.  Plaintiff brings these hostile work environment claims under the NYSHRL, Title VII, and the Equal Protection Clause, pursuant to Section 1983.  As explained below, the Court dismisses Plaintiff's NYSHRL and Title VII gender/religion-based hostile work environment

claims.  Defendants' motion to dismiss Plaintiff's Section 1983 hostile work environment claim is denied.

Plaintiff's hostile work environment claim under the NYSHRL is barred by the election-of-remedies doctrine.  Defendants assert that Plaintiff's NYSHRL claims that were alleged in her February 2014 complaint to the New York State Division of Human Rights are barred by the election-of-remedies doctrine because Plaintiff subsequently withdrew that complaint.  See N.Y. Executive Law § 279(9).  Plaintiff does not explicitly concede this point, but her opposition papers only address actions that post-date the February 2014 complaint.  Plaintiff maintains that the actions taken against her in retaliation for the February 2014 complaint are not barred by the election-of-remedies doctrine.  Plaintiff, however, never asserts that her gender/religion-based hostile work environment claim under the NYSHRL is timely.

Given the above and the relevant precedent on the election-of-remedies doctrine, (see Defs.' Mem. at 6–7), the Court concludes that Plaintiff's NYSHRL gender/religion-based hostile work environment claim—which relies exclusively on conduct that that pre-dates her February 2014 complaint—is barred by the election-of-remedies doctrine.  Notably, Plaintiff has not offered any authority to contrary.  Accordingly, the Court dismisses Plaintiff's NYSHRL gender/religion-based hostile work environment claim.[1]

Because Plaintiff filed her EEOC charge on July 2, 2015, Defendants assert that any Title VII claims that accrued prior to September 5, 2014 are time-barred.  Defendants also assert that any Section 1983 claims that accrued prior to May 16, 2013 are time-barred.  Plaintiff does not dispute that the dates above are the relevant cut-offs in determining the timeliness of her claims.

_____

[1] The election-of-remedies doctrine may also impact Plaintiff's NYSHRL retaliation claims to the extent that those claims concern conduct that predates Plaintiff's February 2014 complaint.  It is unnecessary to resolve that issue that in deciding Defendants' motion to dismiss.

Plaintiff's gender/religion-based hostile work environment claims rely exclusively on conduct that occurred prior to September 5, 2014. Accordingly, Plaintiff's gender/religion-based hostile work environment claims under Title VII are dismissed as untimely.

Plaintiff, however, maintains that her Section 1983 hostile work environment claims based on gender and religion are timely. Again, the relevant statute of limitations cut-off for this Section 1983 claim is May 16, 2013. Plaintiff's complaint alleges that certain comments by Ryan continued into the summer and fall of 2013. Defendants assert that Plaintiff's Section 1983 hostile work environment claims are, nevertheless, untimely. According to Defendants, Plaintiff's allegations on these points are too conclusory to state viable hostile work environment claims. The Court disagrees.

Affirmative defenses, such as a statute of limitations defense, are appropriately decided on a 12(b)(6) motion if it clear from the face of the complaint that the defense applies. Here, it is not clear from the face of the complaint that Plaintiff's Section 1983 hostile work environment claims are time-barred. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's Section 1983 hostile work environment claims as time-barred.

Defendants also argue that Plaintiff's Section 1983 hostile work environment claims must be dismissed because Plaintiff has failed to plausibly allege Monell liability. While a close question, the Court concludes that Plaintiff has plausibly alleged a Monell claim. Accordingly, Defendants' motion to dismiss Plaintiff's Section 1983 hostile work environment claims based on Plaintiff's gender/religion is denied. While these claims survive a motion to dismiss, the Court is skeptical that Plaintiff will ultimately be able to establish a Monell claim given that, after Ryan received the counseling memorandum, his harassing conduct ceased.

For the reasons set forth above, Defendants' motion to dismiss is GRANTED in part and DENIED in part.  The Court dismisses Plaintiff's Section 1983 retaliation claims and Plaintiff's gender/religion-based hostile work environment claims under the NYSHRL and Title VII. Defendants' motion to dismiss is otherwise denied.

**SO ORDERED.**

Dated: January 28, 2022
          Central Islip, New York

                                             _____/s/  (JMA)_____
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE